[Cite as *State v. Pitts*, 2018-Ohio-2031.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals No. L-17-1221

      Appellee                   Trial Court No. CRB-17-02583

v.

Ronald Dwayne Pitts            **DECISION AND JUDGMENT**

      Appellant                Decided:  May 25, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Jenelda E. Witcher, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from an August 11, 2017 judgment of the Toledo

Municipal Court, Lucas County, Ohio, finding appellant guilty after a bench trial on one

count of domestic violence, in violation of R.C. 2919.25, and one count of assault, in

violation of R.C. 2903.13.

**{¶ 2}** Appellant was sentenced to a suspended term of incarceration of 180 days, probation, court costs, and domestic violence classes. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, Ronald Pitts, sets forth the following four assignments of error. The assignments are excerpted for clarity of content as they are exceptionally lengthy in unredacted form:

1. The trial court erred prejudicially when it found appellant guilty of Domestic Violence * * * and Assault.

2. Appellant was denied the use of a witness in his favor without a proper review.

3. There was a lack of sufficient evidence.

4. Counsel was ineffective and deficient in his trial performance.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On February 28, 2017, appellant attempted to contact his 14-year-old daughter ("victim") on her mobile phone at her mother's residence. Appellant's daughter was listening to music which distracted her from promptly responding to appellant. The inability to reach his daughter frustrated appellant.

**{¶ 5}** A relatively short time later, appellant heard back from his daughter. Appellant had been expecting his daughter to come to his residence for a visit. The victim's mother then transported her to appellant's apartment.

2.

{¶ 6} The record clearly reflects that upon arrival at her father's residence, the interactions between appellant and his teenage daughter were tense. The situation escalated, and became confrontational.

{¶ 7} Appellant interpreted certain actions on the part of his teenage daughter as hostile and inappropriate. Appellant's physical reaction to his intense irritation at his daughter culminated in the instant case.

{¶ 8} Ultimately, following raised voices and verbal sparring, appellant physically restrained his daughter against a door, placed his face up against his daughter's face, and abruptly headbutted her with sufficient force to cause redness and swelling to the victim's forehead. No medical attention was required.

{¶ 9} The record reflects that appellant concedes to engaging in a heated exchange with his daughter, concedes to having his face right up against hers, but then denies striking his head against his daughter's head so as to cause the visible injuries that were observed by several witnesses shortly after the incident.

{¶ 10} The record reflects that both the victim's mother and the investigating Toledo police officer similarly observed redness, swelling, and a bump on the victim's forehead after this incident. Their observations collaborate the victim's testimony regarding the entirety of what transpired.

{¶ 11} On February 28, 2017, appellant was charged with one count of domestic violence, in violation of R.C. 2919.25, and one count of assault, in violation of R.C. 2903.13. On June 29, 2017, a bench trial commenced.

3.

{¶ 12} At trial, the victim's testimony conveyed that she experienced a generally good relationship with appellant. However, the victim further testified that on the date of the incident she had arrived at appellant's residence approximately one hour later than had been anticipated as she had been distracted while listening to music and playing on her computer.

{¶ 13} The victim proceeded to testify as to heightened tensions and misunderstandings between herself and appellant after her arrival at appellant's residence. The victim testified that as things escalated appellant proclaimed to her, "[W]ho [do] you think you're talking to; you [aren't] going to do that to me. I'm your daddy, I'm your daddy    * * * *And he just kept going and yelling, and that's when he headbutted me.*" (Emphasis added).

{¶ 14} Testimony was next presented by the investigating police officer. The officer explicitly testified as to observing redness and swelling on the victim's forehead. The officer testified, "You could see a visible lump about here and then more redness about the area. Her eyes were watering at the time."

{¶ 15} Additional testimony was provided by the victim's mother who further collaborated the observations of the victim's injuries upon picking the victim up after appellant demanded that she come over and retrieve her due to the disturbance that had taken place.

{¶ 16} Although the defense sought to present testimony from appellant's girlfriend who had also been present during these events, the trial court did not permit

4.

this testimony given that this witness had remained in the courtroom in violation of the separation of witnesses order during the bulk of the victim's testimony.

{¶ 17} In addition, multiple other witnesses had already provided testimony on the same events including the victim, appellant, the victim's mother, and the investigating officer.

{¶ 18} During appellant's testimony on his own behalf, appellant unpersuasively stated, "I did get in front of her. I did put my nose to her nose and my forehead to her forehead but, you know, just somewhere close so she can look at me, she can't look nowhere else. It wasn't a headbutt." The testimony of multiple witnesses regarding the victim's visible injuries immediately after this event refuted appellant's version of events.

{¶ 19} At the conclusion of the bench trial, appellant was found guilty of both counts. Appellant was sentenced to a suspended term of incarceration of 180 days, probation, court costs, and domestic violence classes. This appeal ensued.

{¶ 20} In the first assignment of error, appellant maintains that the convictions in this case were against the manifest weight of the evidence. We do not concur.

{¶ 21} It is well-established that when reviewing a manifest weight argument on appeal, the appellate court reviews the record of evidence, weighs all of the evidence and inferences, including witness credibility, and determines whether the trier of fact clearly lost its way such that a manifest miscarriage of justice occurred. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

5.

**{¶ 22}** As applied to the present case, the record reflects that the victim unambiguously testified that her father restrained her, placed his face directly up against her face, and then headbutted the victim. The record reflects that this occurred with sufficient force to cause redness, swelling and a bump. The record further reflects that the victim's mother and the investigating Toledo police officer each observed these injuries shortly after the incident.

**{¶ 23}** Conversely, the record reflects that while appellant conceded to the rest of these events, he denied striking his head against the victim's head despite the convincing evidence to the contrary.

**{¶ 24}** We find that appellant has not demonstrated any prejudice in the inability to present the further testimony of an additional witness. The record reflects this desired witness improperly remained in the courtroom during the victim's testimony. The record further reflects sufficient evidence and testimony from multiple other witnesses from which the court could properly resolve the matter.

**{¶ 25}** Based upon the foregoing, we find that appellant has failed to demonstrate a manifest miscarriage of justice in this matter. Appellant's first assignment of error is found not well-taken.

**{¶ 26}** In appellant's second assignment of error, appellant similarly contends that the trial court fatally prejudiced these proceedings by denying the testimony of the additional witness. The trial court denied this testimony given that this witness remained

6.

in the courtroom during much of the victim's testimony, in violation of a separation witnesses order.

{¶ 27} We note that matters involving the exclusion of witnesses lie well within the discretion of the trial court. In order to establish an abuse of discretion, it must be shown that the trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 28} Appellant mistakenly characterizes this witness as the sole witness to this incident. That is not the case. Both appellant and the victim witnessed these events, participated in these events, and testified as to these events. In addition, the victim's mother and the investigating police officer both interacted with the victim immediately after this incident and furnished relevant testimony for consideration by the trial court.

{¶ 29} Given these facts and circumstances, appellant has failed to demonstrate that the disputed trial court denial of testimony from the additional witness was unreasonable, arbitrary or unconscionable. We find appellant's second assignment of error not well-taken.

{¶ 30} In appellant's third assignment of error, appellant asserts that the convictions were not supported by sufficient evidence. We do not concur.

{¶ 31} It is well-established that when evaluating sufficiency of the evidence claims, the relevant appellate court inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the

7.

elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 32} The record reflects that sufficient evidence was presented to the trial court to enable a rational trier of fact to find appellant guilty of these crimes including testimony from the victim, the investigating police officer, and the victim's mother, all of whom furnished testimony supportive of a finding that the visible injuries on the victim's forehead were inflicted by the physical action of appellant headbutting the victim subsequent to pressing his head up against his daughter's head in the midst of a heated dispute. We find appellant's third assignment of error not well-taken.

{¶ 33} In appellant's final assignment of error, appellant contends that trial counsel was ineffective. We do not concur.

{¶ 34} To prevail on an ineffective assistance of counsel claim, an appellant must show both that counsel's representation was objectively deficient and, but for the demonstrated deficiencies, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 35} Appellant's ineffective assistance of counsel claim is predominantly prefaced upon appellant's prior claim that the trial court denial of testimony from an additional witness was improper. In addition, appellant claims that trial counsel's failure to file formal discovery also constitutes ineffective assistance of counsel. We are not convinced.

8.

{¶ 36} We have previously determined that the trial court exclusion of testimony from the additional witness was not improper. We find that the balance of appellant's claimed instances of ineffective assistance of counsel constitute permissible tactical decisions. Appellant has failed to demonstrate objective deficiencies of trial counsel and that the outcome of the matter would have been different but for the asserted deficiencies. We find appellant's fourth assignment of error not well-taken.

{¶ 37} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Toledo Municipal Court, Lucas County, Ohio, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.